**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Darryle Lovell Totty, Jr.,  | No. CV-21-00396-TUC-RM |
| Plaintiff, | **ORDER** |
| v. | |
| Spotify USA Incorporated, et al., | |
| Defendants. | |

On October 1, 2021, Plaintiff initiated this action by filing a Complaint and paying the filing fee. (Docs. 1, 2.)  On February 1, 2022, the Court issued an Order to Show Cause requiring Plaintiff to explain why he had not yet filed proof of service and to show good cause for an extension of the time limit for service under Federal Rule of Civil Procedure 4(m). (Doc. 8.)  On February 4, 2022, Plaintiff filed a document in which he apologized for letting 90 days elapse on filing proof of service. (Doc. 9.)  On February 16, 2022, Plaintiff filed a document stating that he sent copies of the Summons and Complaint to Spotify USA Incorporated and its general counsel on December 4, 2021, and that he filed a certified mail receipt as evidence of service on January 10, 2022. (Doc. 11.)  The document that Plaintiff filed on January 10, 2022 appears to be a report from dockets.justia.com summarizing filings in this action. (Doc. 7.)  However, the last page of the document contains a copy of a certified mail receipt indicating that on December 4, 2021, Plaintiff mailed an envelope to Spotify USA Incorporated at an address in New York, NY. (*Id.* at 7.)

"Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation" in a judicial district of the United States must be served (A) in the manner set forth in Federal Rule of Civil Procedure 4(e)(1) for serving an individual, or (B) "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h)(1).

Service pursuant to Rule 4(e)(1) may be accomplished by:

(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
(2) doing any of the following:
    (A) delivering a copy of the summons and of the complaint to the individual personally;
    (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
    (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e)(1).

Arizona Rule of Civil Procedure 4.1(i)—similar to Federal Rule of Civil Procedure 4(h)(1)—provides that a corporation that has not waived service "may be served by delivering a copy of the summons and the pleading being served to a partner, an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." Ariz. R. Civ. P. 4.1(i).

"Unless service is waived, proof of service must be made to the court. Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit." Fed. R. Civ. P. 4(l).

Plaintiff has attempted to show service only as to Defendant Spotify USA Incorporated and has not provided any evidence of attempts to serve any other

Defendants. Furthermore, the certified mail receipt included in Plaintiff's January 10, 2022 filing does not constitute proper proof of service of the Summons and Complaint on Defendant Spotify USA Incorporated.[1] The certified mail receipt is not a server's affidavit. *See* Fed. R. Civ. P. 4(l). In addition, the certified mail receipt provides no evidence that Plaintiff delivered a copy of the Summons and Complaint to an officer or authorized agent of Spotify USA Incorporated, as required by Federal Rule of Civil Procedure 4(h)(1), nor does the document show that Plaintiff has completed service of process in any manner authorized by Federal Rule of Civil Procedure 4(e)(1).

"If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). The "court must extend the time for service for an appropriate period" if the plaintiff shows good cause for the failure to timely effect service. *Id.*

The Court previously warned Plaintiff that if his response to its Order to Show Cause did not show good cause for an extension of the time limit for service under Federal Rule of Civil Procedure 4(m), this action would be dismissed. (Doc. 8.) Plaintiff's Responses (Docs. 9, 11) do not show good cause for an extension of the time limit for service. Accordingly, this action will be dismissed without prejudice.

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

---

[1] The Court notes that the docket does not reflect that a Summons has issued in this case. Pursuant to Federal Rule of Civil Procedure 4(b), "[o]n or after filing the complaint, the plaintiff may present a summons to the clerk for signature and seal. If the summons is properly completed, the clerk must sign, seal, and issue it to the plaintiff for service on the defendant. A summons . . . must be issued for each defendant to be served." Fed. R. Civ. P. 4(b).

**IT IS ORDERED** that the above-entitled action is **dismissed without prejudice** for failure to serve pursuant to Federal Rule of Civil Procedure 4(m).

Dated this 14th day of March, 2022.

_____
Honorable Rosemary Márquez
United States District Judge